IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>SCOTT WAYNE KNUDSON,<br><br>    Defendant. | MEMORANDUM DECISION AND ORDER DENYING DEFENDANT'S MOTION FOR REVIEW OF DETENTION<br><br><br><br>Case No. 2:09-CR-35 TS |

       This matter comes before the Court on Defendant's Motion for Review of Detention. Defendant was indicted on January 14, 2009, on one count of possession of a firearm by a person subject to a protective order, in violation of 18 U.S.C. § 922(g)(8). The magistrate judge conducted a detention hearing on January 26, 2009, and ordered Defendant be detained finding that he was a danger to the community. Defendant has now filed the instant Motion seeking review of that detention order. For the reasons discussed below, the Court will deny the Motion.

## I.  LEGAL STANDARD

       The Court considers Defendant's request for a review of the magistrate judge's order

detaining the defendant under 28 U.S.C. § 3145(b) and DUCrimR 57-16(a)(1).[1] The Court conducts its own de novo review of the detention issue giving no deference to the magistrate judge's findings or conclusions.[2] In so doing, the Court may elect to start from scratch and take evidence—whether or not new evidence is proffered—and also may incorporate the record of the proceedings conducted by the magistrate judge, including any exhibits.[3]

In making its determination, this Court, like the magistrate judge, is governed by the standards set forth in 18 U.S.C. § 3142. Under that statute, an accused is ordinarily entitled to pretrial release, with or without conditions, unless the Court "finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and community."[4]

The government must prove dangerousness to any other person or to the community by clear and convincing evidence.[5] To determine whether there are conditions of release that will reasonably assure the safety of any other person and the community, this Court considers the following factors:

> (1) The nature and circumstances of the offense charged, including whether the offense is a crime of violence . . . or involves a . . . firearm . . .;

---

[1] "Any party is entitled to appeal a magistrate judge's order releasing or detaining a defendant. . . ."

[2] DUCrimR 57-16(a)(1) (providing for de novo review of detention orders); *United States v. Lutz*, 207 F.Supp.2d 1247, 1251 (D. Kan. 2002); *see also United States v. Cisneros*, 328 F.3d 610, 616 n.1 (10th Cir. 2003) (holding that district court's review under subsection (a) of §3145 is de novo).

[3] *Lutz*, 207 F.Supp. at 1251.

[4] 18 U.S.C. § 3142(b),(c), and (e).

[5] *Cisneros*, 328 F.3d at 616.

(2) the weight of the evidence against the person;
(3) the history and characteristics of the person, including—
    (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
    (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.[6]

## II.  DISCUSSION

The nature and circumstances of this offense support detention.  This offense involves a firearm and the Tenth Circuit has held that § 922(g)(8) is a crime of violence for purposes of the Bail Reform Act.[7]

The weight of the evidence against Defendant is strong.  There appears to be no dispute that Defendant was subject to a protective order and that while he was subject to that protective order he possessed the firearms at issue here.

The history and characteristics of Defendant also support detention.  While the Court acknowledges that Defendant has a minimal criminal history, the Court is disturbed by what it sees as a pattern of threatening and violent behavior by Defendant toward his wife.  The government proffered at the hearing that Defendant was involved in two domestic violence incidents in September 2008.  In October 2008, Defendant's wife decided to leave him.  In response, he took away her phone and access to the car and threatened to commit suicide.  On

---

[6] 18 U.S.C. § 3142(g).

[7] *United States v. Rogers*, 371 F.3d 1225, 1232 (10th Cir. 2004).

October 30, 2008, Defendant confronted his wife while she was at school and prevented her from leaving the parking lot.  Defendant then followed his wife and attempted to run her off the road by swerving into her.

On October 31, 2008, Defendant's wife obtained a protective order against Defendant. Despite this protective order, Defendant has repeatedly contacted his wife, attempted to contact her through others, or had others attempt to contact her. The government proffered that, as a result of these contacts, Defendant may faces charges in state court for up to 12 protective order violations, as well as other offenses.  In addition, in 2002, Defendant's previous girlfriend also received a protective order against him alleging similar types of behavior.

The Court recognizes that Defendant has a residence, a business, and other ties to the community.  However, the Court finds that these factors are outweighed by Defendant's prior actions.

Finally, the Court finds that Defendant poses a serious risk to his wife if he were to be released.As set forth above, the Court must determine whether there are conditions of release that will reasonably assure the safety of any other person and the community.  In a case such as this, the Court  would be tempted to release Defendant on the condition that he have no contact with his wife.  However, because of Defendant's history, the Court could not be reasonably assured that Defendant would abide by that condition.  Indeed, Defendant has been under such a condition based on the existing protective order, but has continued to defy that order.  The Court is not convinced that the result would be any different if this Court were to impose such a condition.

## III.  CONCLUSION

It is therefore

ORDERED that Defendant's Motion for Review of Detention (Docket No. 8) is DENIED.  It is further

ORDERED that Defendant shall be DETAINED pending trial.

DATED   January 29, 2009.

        BY THE COURT:

        _____
        TED STEWART
        United States District Judge