IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br><br><br>vs.<br><br><br><br>SCOTT WAYNE KNUDSON,<br><br>    Defendant. | MEMORANDUM DECISION AND ORDER DENYING DEFENDANT'S MOTION FOR REVIEW OF DETENTION<br><br><br><br><br><br>Case No. 2:09-CR-35 TS |

      This matter comes before the Court on Defendant's Motion for Review of Detention. Defendant was indicted on January 14, 2009, on one count of possession of a firearm by a person subject to a protective order, in violation of 18 U.S.C. § 922(g)(8). The magistrate judge conducted a detention hearing on January 26, 2009, and ordered Defendant be detained finding that he was a danger to the community. Defendant then filed a Motion seeking review of that detention order. The Court denied Defendant's Motion on January 29, 2009. Defendant changed his plea on March 9, 2009, and filed a renewed Motion that same day.

1

## I.  LEGAL STANDARD[1]

In making its determination, this Court, is governed by the standards set forth in 18 U.S.C. § 3142.  Under that statute, an accused is ordinarily entitled to pretrial release, with or without conditions, unless the Court "finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and community."[2]

The government must prove dangerousness to any other person or to the community by clear and convincing evidence.[3]  To determine whether there are conditions of release that will reasonably assure the safety of any other person and the community, this Court considers the following factors:

> (1) The nature and circumstances of the offense charged, including whether the offense is a crime of violence . . . or involves a . . . firearm . . .;
> (2) the weight of the evidence against the person;
> (3) the history and characteristics of the person, including—
> > (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
> > (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and

---

[1]The timing of Defendant's Motion creates an interesting question as to what legal standard applies.  The Bail Reform Act "contemplates varying levels of scrutiny for defendants as they proceed through the court system."  As the Motion was filed before Defendant changed his plea, the Court will apply the standard set out in 18 U.S.C. § 3142 which applies to a request for release pending trial, rather than 18 U.S.C. § 3143(a) which applies to a request for release pending sentencing.  Under either standard, however, the outcome would be the same.

[2]18 U.S.C. § 3142(e).

[3]*United States v. Cisneros*, 328 F.3d 610, 616 (10th Cir. 2003).

(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.[4]

## II.  DISCUSSION

Defendant offers the following in support of his renewed Motion: First, the protective order that Defendant's wife filed against him has been dismissed at her request.  Second, Defendant points to a letter written to the Court by Defendant's wife indicating that she does not want him to be detained.

This evidence only goes to the final factor— the nature and seriousness of the danger posed by Defendant to any person or the community upon release.  This evidence does not address the Court's previous findings on the other factors.  Those factors, as the Court found previously, weigh against Defendant's release.  The Court was, and remains, especially concerned with the pattern of threatening and violent behavior by Defendant toward his wife, which the Court noted in its previous order.  The new evidence presented by Defendant does not outweigh the Court's previous determination of these factors.

## III.  CONCLUSION

It is therefore

ORDERED that Defendant's Motion for Review of Detention (Docket No. 20) is DENIED.  It is further

ORDERED that Defendant shall be DETAINED pending sentencing.

---

[4]18 U.S.C. § 3142(g).

DATED   March 11, 2009.

                BY THE COURT:

                _____
                TED STEWART
                United States District Judge